# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FRANK E. CRIM,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 15-297-RAW-KEW |
| | ) |
| **KAMERON HARVANEK, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, a state prisoner who is represented by counsel, currently is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma. He is attacking his conviction in Seminole County District Court Case No. CF-2011-189 for Second Degree Rape (Count I) and Lewd or Indecent Acts to a Child Under 16 (Count II).

Petitioner's sole ground for habeas corpus relief is the alleged ineffectiveness of trial counsel. Respondent alleges Petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review with respect to his specific claims, except for the claim that defense counsel failed to thoroughly cross-examine the nurse who examined the victim. Respondent, however, has addressed the unexhausted claim on the merits.

The following records have been submitted to the Court for consideration in this matter:

    A.    Petitioner's direct appeal brief.

B.  The State's brief in Petitioner's direct appeal.

C.  Petitioner's appellate reply brief.

D.  Summary Opinion affirming Petitioner's Judgment and Sentence. *Crim v. State*, No. F-2013-167 (Okla. Crim. App. Aug. 7, 2014).

E.  Petitioner's Motion to Supplement Appellate Brief in Chief.

F.  Order Denying Motion to Supplement Brief.

G.  Transcripts

H.  State court record.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Evidentiary Hearing**

In his reply to Respondent's response to the petition, Petitioner requests an evidentiary hearing "to determine the issues raised herein" (Dkt. 11 at 1). He does not, however, specify what evidence he would present in an evidentiary hearing.

Nonetheless, the Court finds an evidentiary hearing is not warranted, because

Petitioner's claims can be resolved on the record. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858-59 (10th Cir. 2005) (citing *Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003)). Furthermore, Petitioner has not alleged or shown that:

> (A) the claim relies on--
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

**Ineffective Assistance of Trial Counsel**

Petitioner was a high school teacher who was convicted of crimes against S.H., his 15-year-old student. On direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), he alleged his trial counsel failed to (1) file a witness and exhibit list, (2) interview and present defense witnesses, (3) investigate Petitioner's family background and other mitigating evidence, (4) properly cross-examine the records custodian at the victim's school, and (5) more thoroughly cross-examine the victim. (Dkt. 9-1 at 7-14).[1]

---

[1] Petitioner's claim on direct appeal that his sentences were excessive was denied by the OCCA, because "[t]he sentences . . . were within the statutory range, and the trial court ran them concurrently." *Crim*, No. F-2013-167, slip op. at 2. Petitioner argues in his reply that "the results of the trial would have been different, if trial counsel had presented a proper defense, **particularly the sentence given to the Petitioner**." (Dkt. 11 at 1) (emphasis in original). Petitioner's sentences,

3

Petitioner asserts in the petition that "[t]he reason the evidence was overwhelming is because trial counsel presented no defense, and what he did present, was objectively inadequate and unreasonable, and constitutionally deficient" (Dkt. 3 at 3). Petitioner further alleges the following specific deficiencies in trial counsel's performance:

> Trial counsel never submitted a witness or exhibit list. The Petitioner presented a list of proposed witnesses to trial counsel, and counsel never even interviewed any of the witnesses, much less called any of them at trial. He never interviewed the prosecution witnesses, and did no discovery. (Of course trial counsel could not call witnesses because he had submitted no witness or exhibit list.) Trial counsel did an inadequate cross-examination of Ms. Parks, the SANE nurse who interviewed the victim, and never inquired if Ms. Parks ever corroborated any of [S.H]'s statement's [sic] although the Petitioner gave much evidence for trial counsel to use in cross examination. . . . Trial counsel never challenged any of Ms. Parks [sic] statements. Further, trial counsel never challenged any of [S.H.]'s statements; as to whether or not she was a "good student," or if she falsely accused anyone else besides Petitioner of rape.

(Dkt. 3 at 4) (citing Petitioner's appellate brief).

In support of his claim, Petitioner has submitted, as he did on direct appeal, a copy of a letter he sent to trial counsel after conclusion of the trial, but before the sentencing hearing, along with trial counsel's response (Dkt. 3-2 at 13-17). Petitioner's letter instructed trial counsel to "destroy the victim's credibility" by presenting certain witnesses and school records at the sentencing hearing to show the victim's poor performance at school existed prior to the alleged crimes. Petitioner also asked counsel to present a Facebook page in which she stated she was "16 and pregnant," to "put the true face on her 'trauma.'"

---

however, were not raised as a claim in this petition. Because Petitioner is represented by counsel, his claims are not entitled to the liberal construction due to pro se prisoners and must be taken at face value. *See Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000).

Petitioner stated he possibly could find students to give him character references and to give evidence about the victim's activities. He also asked counsel to use the victim's testimony from the preliminary hearing to show she sneaked out of her house, texted him to pick her up, and she was not forced or restrained. Finally, Petitioner wanted his counsel to "paint a different picture" of him through witnesses who knew him as a teacher and as a single father with full custody of his three children. (Dkt. 3-2 at 14-15).

Counsel's response letter, dated December 6, 2012, advised Petitioner that the upcoming sentencing proceedings scheduled for December 12, 2012, was "NOT a trial!!!" Instead, the hearing was for the determination of Petitioner's punishment, and the victim's school performance was irrelevant. Counsel further advised that "your teaching skills and/or reputation prior to your conviction does not change the fact that you are now a convicted Rapist!!! Even if you had been Teacher of the Year for ten years running, it would not excuse your criminal acts." Counsel cautioned that Petitioner's arrogance already had cost him dearly, and to proceed as Petitioner requested could result in a maximum sentence. Finally, counsel suggested that Petitioner "seek the services of another Attorney." (Dkt. 3-2 at 17). The record shows that Petitioner's attorney in this habeas action subsequently entered his appearance in Petitioner's sentencing (O.R. 184; Tr. Sentencing).

On direct appeal Petitioner attached to his brief in chief his letter to trial counsel and trial counsel's response (Dkt. 9-1 at 19-23). More than three months after the brief in chief was filed, he filed a motion to supplement his appellate brief in chief with an affidavit by Petitioner which listed instances where trial counsel failed to follow Petitioner's suggestions

for trial strategy (Dkt. 9-6). The OCCA denied the motion as follows:

> . . . *Ex parte* affidavits are not part of the record on appeal and are not proper exhibits to an appellate brief. The record on appeal is formulated only by matters admitted during trial court proceedings. Rule 3.11(B)(3), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. Supp. Title 22, Ch. 18, App. (2013). Motions to supplement the record on appeal with affidavits in support of a claim of ineffective assistance of counsel are governed by the evidentiary hearing procedure set forth in Rule 3.11(B)(3)(b). A request to supplement the record under this Rule will not be granted after the filing of a party's brief in chief. Rule 3.11(B)(4). Because the affidavit attached to the motion to supplement and the letters attached to Petitioner's appellate brief in chief were not presented to the trial court, those documents were not proper attachments to the appellate brief or part of the record on direct appeal. . . .

(Dkt. 9-7 at 1)

Under Oklahoma law, when a claim of ineffective assistance of counsel is made and the claim is based on an allegation of counsel's failure to utilize allegedly available evidence, an application for evidentiary hearing may be submitted with affidavits setting out those items alleged to constitute ineffective assistance of counsel. *See* Rule 3.11(B)(3)(b), *Rules of the Oklahoma Court of Criminal Appeals,* Tit. 22, Ch. 18, App.; *see also Dewberry v. State*, 954 P.2d 774, 777 (Okla. Crim. App. 1998) (refusing to consider the document attached to the appendix of the appellant's state brief in chief because the document was not part of the appellate record). As in *Dewberry*, Petitioner referred to the documents attached to his brief on direct appeal without providing citations to the appellate record wherein the documents can be found. *Dewberry*, 954 P.2d at 777 (recognizing that the appellant failed to cite to the portions of the appellate record wherein the document could be found and finding the document was not part of the appellate record and thus, would not be considered). As

6

Petitioner did not seek to supplement the record before the state court in the manner required by Oklahoma law, the documents attached to Petitioner's habeas petition, and referred to by Petitioner in support of his arguments, are not properly before this Court. *See Pinholster*, 563 U.S. at 181 ("[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); *cf. Stouffer v. Trammel*, 738 F.3d 1205, 1219 (10th Cir. 2013) ("To demonstrate the required diligence, [petitioner] must show that he 'made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court' in 'the manner prescribed by state law.'" (citation omitted)).

The OCCA found no merit in Petitioner's claims of ineffective assistance of counsel:

> . . . Appellant argues he was denied effective assistance of trial counsel by counsel's failure to file discovery and present "character" witnesses and other evidence at trial. This Court reviews ineffective assistance of counsel claims under the two-part test mandated by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), requiring the appellant to show that counsel's constitutionally deficient performance prejudiced the defense. *Bland v. State*, 4 P.3d 702, 730 (Okla. Crim. App. 2000) (citing *Strickland*, 466 U.S. at 687). Appellant has not shown that trial counsel's performance was constitutionally deficient, or that counsel's failure to call witnesses creates any reasonable probability of a different result at trial. The evidence of guilt at trial was overwhelming. Counsel's representation at trial was objectively reasonable under the circumstances. This proposition is denied.

*Crim v. State*, No. F-2013-167, slip op. at 2 (Okla. Crim. App. Aug. 7, 2014) (Dkt. 9-4).

Petitioner alleges in the petition that trial counsel was ineffective in failing to present the character witnesses listed in his letter to counsel, which he sent to counsel two months after conclusion of the trial (Dkt. 3 at 4). Petitioner argued on direct appeal that the

testimony of former students Darryn Splawn and Divine Campbell would have presented the jury a different view of Petitioner, showing "he was not a predator, and that he had a good reputation among the students at the school" (Dkt. 3-2 at 9). Petitioner further claimed Garrett Davis, the school principal, would have testified about Petitioner's "good moral character, his good *rapport* with the students, and his performance as a teacher" (Dkt. 3-2 at 9) (emphasis in original). In addition, Petitioner asserts in his petition that "a more adequate cross examination of Jackie Smith, the school records custodian, would have shown that the Petitioner had a positive relationship with the students, and that he had outstanding evaluations from his superiors" (Dkt. 3 at 6). Petitioner contends "the sentence imposed would have undoubtedly been different," if counsel had produced mitigation witnesses during trial (Dkt. 3 at 6).

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel:

> . . . First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. . . .

8

*Strickland*, 466 U.S. at 687.

> Under AEDPA a "state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). When evaluating the state court's resolution of *Strickland*'s performance requirement, federal courts must "use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Pinholster*, 563 U.S. at 189-90.

*Parker v. Evans*, 569 F. App'x, 611, 616 (10th Cir. 2014).

After careful review, this Court finds that even if the extra-record evidence were considered, Petitioner cannot overcome the presumption that trial counsel provided effective assistance. Clearly, the only evidence of the expected testimony of these witnesses is in the letter written by Petitioner himself (Dkt. 3-2 at 14-15). Furthermore, he has not submitted any affidavits from these proposed witnesses as to what their testimony about his character would have been. This deficiency renders Petitioner's claim purely speculative, and mere speculation is insufficient to overcome the burden under *Strickland*. *See Byrd v. State*, 645 F.3d 1159, 1168-69 (10th Cir. 2011) (holding that "mere speculation is not sufficient to satisfy" the petitioner's burden to prove "a reasonable probability that, but for counsel's error, the result of the proceeding would have been different").

Moreover, Petitioner's list of proposed witnesses was sent to counsel *after* the jury trial and before formal sentencing (Dkt. 9 at 10 n.4). In the letter, Petitioner acknowledges he wants the witnesses called during the sentencing proceedings to "paint a different picture of him than the DA does," which Petitioner contends did not happen at trial (Dkt. 3 at 15).

9

"'[C]ounsel cannot be faulted for failing to raise claims as to which the client has neglected to supply the essential underlying facts . . . [because] clairvoyance is not required of effective trial counsel.'" *Duckett v. Mullin*, 306 F.3d 982, 998 (10th Cir. 2002) (quoting *United States v. Miller*, 907 F.2d 994, 999 (10th Cir. 1990) (alteration in original)). As Petitioner failed to provide trial counsel with the names of the witnesses he allegedly wanted to call during trial in a timely manner, trial counsel cannot be found ineffective for failing to call the witnesses at trial. Although the witnesses' testimony may have been admissible during trial, there is no evidence defense counsel was aware that Petitioner wanted the witnesses called at trial. Additionally, the descriptions of the witnesses' proposed testimony does not include any evidence that the witnesses had information about the crimes that were prosecuted. The Court finds Petitioner cannot show ineffective assistance of counsel for failure to investigate or interview the witnesses.

Respondent points out that the victim in this case was 15 years old at the time of the crime (Tr. II, 82-84). In Oklahoma, absent mental illness or other unsoundness of mind, the age of consent for sexual activity is 16 years of age. *Arganbright v. State*, 328 P.3d 1212, 1218-19 (Okla. Crim. App. 2014) (citing Okla. Stat. tit. 21, § 1111(A)(1)). Therefore, Petitioner's character and S.H.'s reputation were irrelevant to whether Petitioner had sexual intercourse with her in violation of state law.

In addition, it would have been improper for defense counsel to have called the witnesses at sentencing as this was a noncapital case, and mitigating evidence is not proper during sentencing in a noncapital case. *See Gilmore v. Taylor*, 508 U.S. 333, 349 (1993)

("We have not held that the Eighth Amendment's requirement that the jury be allowed to consider and give effect to all relevant mitigating evidence in capital cases . . . applies to noncapital cases." (internal citations omitted)); *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (1995) ("[N]o violation of a petitioner's Eighth Amendment or due process or equal protection rights occurs when the trial court does not consider mitigating factors during sentencing in a noncapital case."); *McGee v. State*, 127 P.3d 1147, 1149 (Okla. Crim. App. 2005) ("[C]haracter evidence, such as mitigating evidence, is not admissible in non-capital guilt or sentencing proceedings."). Because the testimony of these witnesses would not have been admissible during the formal sentencing hearing when Petitioner wanted the witnesses to testify, defense counsel did not render deficient performance for failing to present the testimony of these witnesses.

Petitioner cites *Anderson v. Sirmons*, 476 F.3d 1131 (10th Cir. 2007), in support of his argument that defense counsel was ineffective in failing to present testimony by the proposed character witnesses. *Anderson*, however, was a capital case, and the Eighth Amendment required that the jury be allowed to consider and give effect to all relevant mitigating evidence. *Id.*, 476 F.3d at 1142. Petitioner's case was a noncapital prosecution that did not require the presentation of mitigating evidence to the jury. *Gilmore*, 508 U.S. at 349. In fact, under Oklahoma law, Petitioner was not permitted to present mitigation evidence, because he elected to be sentenced by a jury. *See Malone v. State*, 58 P.3d 208, 209-10 (Okla. Crim. App. 2002). Consequently, Petitioner's reliance on *Anderson* is misplaced and inapplicable to his case.

"An ineffective assistance claim may be resolved on either performance or prejudice grounds alone." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *Fox v. United States*, 200 F.3d 1286, 1295 (10th Cir. 2000)). Because the Court finds counsel's failure to call certain witness was not deficient, there is no need to examine whether Petitioner was prejudiced. The Court further finds the OCCA's determination of this claim was not contrary to, or an unreasonable application of *Strickland*, pursuant to 28 U.S.C. § 2254(d)(1). Habeas relief is not warranted for this claim.

Petitioner also alleges trial counsel was ineffective in failing to file a witness and exhibit list, failing to conduct discovery, failing to interview witnesses, and making no attempt to present a defense (Dkt. 3 at 4). Petitioner also complains of counsel's cross-examination of S.H. and of the nurse who performed the sexual assault examination on S.H. (Dkt. 3 at 4, 8). He maintains that if counsel had interviewed certain witnesses, reviewed the letter sent by Petitioner, and conducted further witness examination, the outcome of the trial would have been different, because of the victim's pattern of behavior (Dkt. 3 at 8).

Petitioner claims defense counsel should have cross-examined S.H. about a prior false rape accusation and whether she was a good student (Dkt. 3 at 4-8). The record shows defense counsel vigorously cross-examined S.H. at trial and was able to impeach her credibility. On cross-examination, S.H. admitted she had a child with another man after the incident with Petitioner, admitted she was not at the top of her class making A's and B's, and admitted she made false allegations of sexual molestation before this incident with Petitioner (Tr. II, 105-106, 109, 123). S.H. also admitted she sent Petitioner a message on Facebook

12

informing him that "none of this was his fault," that she did not want him to get into trouble, and that if she could do something to get him out of trouble, she would do it (Tr. II, 112).

The Court finds counsel's failure to further cross-examine S.H. about her academic record or absences from school was a reasonable strategic decision, especially considering the evidence proved Petitioner gave S.H. passes at school to miss her seventh hour class and spend time with him (Tr. II, 84). There was no need to further cross-examine S.H. about a previous false allegation of sexual molestation, because S.H. testified she had made such an allegation prior to the sexual assault in this case (Tr. II, 123).

As shown above, counsel elicited much of the information Petitioner claims should have been revealed through cross-examination. Therefore, the Court finds counsel's decision not to berate S.H. further was a reasonable choice. "[T]he manner in which counsel cross-examines a particular witness is a strategic choice and therefore 'virtually unchallengable.'" *Kessler v. Cline*, 335 F. App'x 768, 770 (10th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690)). The Court finds Petitioner cannot show the OCCA's application of *Strickland* to these particular claims was unreasonable, and the OCCA's determination was not contrary to, or an unreasonable application of Supreme Court law.

Finally, Petitioner claims trial counsel was ineffective in failing to cross-examine more thoroughly the nurse who conducted the sexual assault examination of S.H., to determine whether the nurse had corroborated S.H.'s statements (Dkt. 3 at 4). Petitioner, however, has provided no information about specific statements. Instead, he merely refers to his letter to counsel which is attached to his direct appeal brief (Dkt. 3-2 at 14-15), and

13

which as explained above, is not properly before this Court.

On direct appeal, Petitioner made this claim in the statement of facts of his appellate brief (Dkt. 9-1 at 6), but he did not argue the claim. Petitioner's assertion of the claim in his appellate statement of facts is not a fair presentation of this claim to the highest state court, and thus this specific claim is unexhausted and not properly before this Court.

> A party exhausts a claim in state court when it has been "fairly presented." *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Fair presentation," in turn, requires that the petitioner raise in state court the "substance" of his federal claims. *Id.* at 278. This includes not only the constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief. *Gray*, 518 U.S. at 163; *see Fairchild v. Workman*, 579 F.3d 1134, 1149 (10th Cir. 2009) ("A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis.") (citation omitted).

*Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015), *cert. denied*, __ U.S. __, 136 S.Ct. 806 (2016).

Although this claim is unexhausted, the Court may review the claim as it easily is denied on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Assuming Petitioner is reasserting the allegations in his statement of facts on direct appeal, Petitioner alleged defense counsel should have questioned the nurse about S.H.'s statement that Petitioner "asked to meet at the park" (Dkt. 9-1 at 6). Petitioner also claims the nurse "never discovered that [S.H.] made a false accusation of rape, or any other background on [S.H.]" (Dkt. 9-1 at 6).

As discussed above, the record shows S.H. admitted she had a child with another man

and admitted she made false allegations of sexual molestation before the incident with Petitioner (Tr. II 105-06, 123). The Court finds counsel's failure to cross-examine the nurse who performed the sexual assault examination on S.H. about the meeting in the park was a reasonable strategic decision, considering the other, more significant evidence elicited from S.H. in cross-examination. *See Kessler*, 335 F. App'x at 770.

As stated above, the OCCA held that "[c]ounsel's representation was objectively reasonable under the circumstances." *Crim*, No. F-2013-167, slip op. at 2. Petitioner cannot show there was a reasonable probability that but for counsel's failure to file a witness and exhibit list, conduct discovery, or more thoroughly cross-examine the victim or the nurse, the result of the trial would have been different. *See Strickland*, 466 U.S. at 694. Therefore, Petitioner's petition for a writ of habeas corpus (Dkt. 3) must be DENIED.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 3) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 12th day of September 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma